UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| STANLEY B. TUCKER, | ) |
|     Plaintiff, | ) Civil Action |
| v. | ) File No. 1:08cv03853-JEC |
| UBS MORTGAGE and ACT PROPERTIES, LLC, | ) |
|     Defendants. | ) |

## MOTION TO DISMISS

COMES NOW ACT Properties, LLC ("ACT Properties"), a co-Defendant in the above-styled civil action, and hereby files its Motion to Dismiss pursuant to *Rule 4* and *Rule 12(b)(6)*, and shows this honorable Court the following:

### STATEMENT OF FACTS

1.

On February 27, 2007, Stanley B. Tucker, Plaintiff herein ("Plaintiff"), executed and delivered a General Warranty Deed (the "Warranty Deed") to Lula Smiley, conveying certain real property commonly known as 7116 Glen Cove Lane, Stone Mountain, Georgia 30087 (the "Property").

2.

The Warranty Deed was recorded in the DeKalb County, Georgia, deed records on March 15, 2007, at Book 19758, Page 364.

3.

On February 27, 2007, to secure payment of a Note in the original principal amount of $370,000.00, Lula Smiley executed a Security Deed (the "Security Deed") in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), conveying a first priority security interest in the Property.

4.

The Security Deed was recorded in the DeKalb County, Georgia, deed records on March 15, 2007, at Book 19758, Page 365.

5.

The Note and Security Deed were subsequently assigned to Defendant ACT Properties, LLC ("ACT Properties").

6.

On September 12, 2007, Lula Smiley executed and delivered a Quitclaim Deed to Plaintiff, conveying the Property.

7.

The Quitclaim Deed was recorded in the DeKalb County, Georgia, deed records on October 11, 2007, at Book 20365, Page 212.

8.

Lula Smiley defaulted on payments due under the Security Deed and underlying Note, and on October 7, 2008, ACT Properties

conducted a foreclosure sale of the Property, and purchased the Property at the sale for a high bid of $237,163.75.

9.

A Deed Under Power (the "Deed Under Power") conveying the Property to ACT Properties, was recorded in the DeKalb County, Georgia, deed records on November 3, 2008, at Book 21121, Page 99.

10.

On November 21, 2008, ACT Properties filed a Dispossessory Action against the Plaintiff and/or All Others as tenants at sufferance holding over after foreclosure in the State Court of DeKalb County, Case No. 08D01681 (the "Dispo").

11.

The Plaintiff filed an Answer in the Dispo and a hearing was scheduled for December 29, 2008.

12.

On December 15, 2008, Plaintiff filed a Notice of Removal in the Dispo and filed the complaint at bar; the Dispo has been stayed pending resolution of this case.

13.

Defendant ACT Properties has not been served in this case with a Summons and Complaint.

14.

Plaintiff has filed a total of nine (9) Chapter 13 Bankruptcy Cases in the United States Bankruptcy Court for the Northern District of Georgia, as follows:

```
96-62534 filed February 16, 1996; closed August 19, 1996
98-80980 filed December 18, 1998; dismissed November 22, 2000
01-81568 filed March 21, 2001; dismissed August 1, 2001
02-60939 filed January 31, 2002; dismissed March 7, 2002
02-62989 filed March 18, 2002; dismissed February 4, 2003
06-76821 filed December 28, 2006; dismissed January 17, 2007
08-62106 filed February 4, 2008; dismissed February 21, 2008
08-68118 filed May 2, 2008; dismissed June 10, 2008
08-79605 filed October 3, 2008; dismissed December 18, 2008
```

**ARGUMENT**

I. <u>The Complaint should be dismissed because Defendant ACT Properties has not been served.</u>

Pursuant to the *Federal Rules of Civil Procedure, Rule 4*, a plaintiff is to perfect service on a defendant within 120 days of the filing of the Complaint. When serving a corporation, process may be served by delivering a copy of the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service of process. Plaintiff filed the Complaint at bar on December 15, 2008 and by Order of entered in this case on June 22, 2009, Plaintiff was ordered to serve the Defendants within 60 days.

The Summons for ACT Properties, attached to Plaintiff's Motion to Extend Time for Serving of Summons to Defendants (the "Motion"), which Motion is pending, provides that ACT Properties be served c/o Morris, Schneider, Prior, Johnson & Freedman, LLC ("MSPJF"), at 1578 Northeast Expressway, Atlanta, Georgia 30329. MSPJF is not authorized to receive service of process for Defendant ACT Properties by appointment or by law. Plaintiff has failed to make a diligent effort to properly serve Defendant ACT Properties, and therefore his Complaint should be dismissed for non-service.

II. <u>Plaintiff's Complaint fails to state a claim upon which relief may be granted.</u>

*Rule 12(b)(6)* should be employed only when the complaint does not present a legal claim. <u>Johnson v. Revenue Mgmt. Corp.</u>, 169 F.3d 1057 (7th Cir. 1999). The essence of a defendant's *Rule 12(b)(6)* motion is not that the plaintiff has pleaded insufficient facts, it is that even assuming all of his facts are accurate, he has no legal claim. <u>Payton v. Rush-Presbyterian St. Luke's Med. Ctr.</u>, 184 F.3d 623 (7th Cir. 1999)(citing <u>Johnson</u>).

Although it is somewhat difficult to determine Plaintiff's claims as set forth in his Complaint and Amended Complaint, Plaintiff seems to be alleging that the foreclosure sale was improper because it was conducted while he was in an active

bankruptcy (the exhibits attached to the Complaint include Schedule D from his latest bankruptcy which lists USB Mortgage as a secured creditor, and a copy of his latest bankruptcy petition). However, pursuant to 11 U.S.C. § 362(c)(4), because Plaintiff filed three bankruptcy cases within a year that were dismissed, there was no automatic stay in effect during his last case, which was filed only four days prior to the foreclosure sale.

Due to Plaintiff's last three bankruptcy cases, which were filed and dismissed within a year, the automatic stay was not in effect during his last case. Plaintiff's Complaint against the Defendants, claiming that the foreclosure sale was invalid because it was conducted while he was in an active bankruptcy, states no legal claim.  Therefore, Plaintiff's Complaint should be dismissed WITH PREJUDICE and the case remanded to the State Court of DeKalb County, for resolution of the Dispo.

WHEREFORE, Defendant ACT Properties prays that this honorable Court dismiss Plaintiff's Complaint WITH PREJUDICE.

Respectfully submitted this 9 day of December, 2009.

JOHNSON & FREEDMAN, LLC

By: /S/
Kyle S. Kotake
Georgia Bar No. 428697
Attorney for Defendant
ACT Properties

1587 N.E. Expressway
Atlanta, Georgia 30329
(678) 298-8863
0810553\A6272424

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **MOTION TO DISMISS** was served upon the following by mailing same by United States First Class Mail in a properly addressed envelope with adequate postage affixed thereon to insure delivery, addressed as follows:

> Stanley B. Tucker
> 7116 Glen Cove Lane
> Stone Mountain, GA 30087

This 9 day of December, 2009.

/S/
Kyle S. Kotake
Attorney for Defendant
ACT Properties

JOHNSON & FREEDMAN, LLC
1587 Northeast Expressway
Atlanta, Georgia   30329
(678) 298-8863